# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**
**No. 18-1775V**
UNPUBLISHED

| | |
|---|---|
| DARLENE WALKER, personal representative of the ESTATE OF WILBER WALKER, | Chief Special Master Corcoran |
| Petitioner, | Filed: March 2, 2022 |
| v. | Special Processing Unit (SPU); Joint Stipulation on Damages; Influenza (Flu) Vaccine; Guillain-Barre Syndrome (GBS) |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | |
| Respondent. | |

*Ronald Craig Homer, Conway, Homer, P.C., Boston, MA, for Petitioner.*

*Mallori Browne Openchowski, U.S. Department of Justice, Washington, DC, for Respondent.*

## DECISION ON JOINT STIPULATION[1]

On November 16, 2018, Wilber Walker filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act").[3] The Petition alleged that Mr. Walker suffered a Table injury – Guillain-Barre Syndrome (GBS) – as a result of his October 19, 2016 influenza ("flu") vaccination. Petition at 1-2; Stipulation, filed at March 1, 2022, ¶¶ 1-2, 4. Petitioner further alleges the vaccine was administered within the United States, that Mr. Walker suffered the residual effects of his injury for more than six months, and that there has been no prior award or

---

[1] Because this unpublished Decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

[3] Darlene Walker, as Personal Representative of the Estate of Wilber Walker, was substituted as Petitioner following Mr. Walker's death. ECF No. 51

settlement of a civil action on Mr. Walker's behalf as a result of his injury. Stipulation at ¶¶ 3-5; *see* Petition at ¶¶ 31-33. Respondent "denies that the flu vaccine caused [Mr. Walker] to suffer from GBS, CIDP, or any other injury, and further denies that the flu vaccine caused his death " Stipulation at ¶ 6.

Nevertheless, on March 1, 2022, the parties filed the attached joint stipulation, stating that a decision should be entered awarding compensation. I find the stipulation reasonable and adopt it as my decision awarding damages, on the terms set forth therein.

Pursuant to the terms stated in the attached Stipulation, **I award** the following compensation:

**A lump sum of $135,965.25 in the form of a check payable to Petitioner, as legal representative of the Estate of Wilber Walker**. Stipulation at ¶ 8. This amount represents compensation for all items of damages that would be available under Section 15(a).

I approve the requested amount for Petitioner's compensation. In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of Court is directed to enter judgment in accordance with this decision.[4]

**IT IS SO ORDERED.**

<u>**s/Brian H. Corcoran**</u>
Brian H. Corcoran
Chief Special Master

---

[4] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
**OFFICE OF SPECIAL MASTERS**

DARLENE WALKER, as personal
representative of the estate of WILBER
WALKER,

     Petitioner,

v.

SECRETARY OF HEALTH AND
HUMAN SERVICES,

     Respondent.

No. 18-1775V
Chief Special Master Corcoran
ECF

STIPULATION

  The parties hereby stipulate to the following matters:

  1. Wilber Walker ("Mr. Walker") filed a petition for vaccine compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 to 34 (the "Vaccine Program"). Upon Mr. Walker's death, Darlene Walker ("petitioner"), as personal representative of the Estate of Wilber Walker, was substituted as petitioner. The petition seeks compensation for injuries allegedly related to Mr. Walker's receipt of the influenza ("flu") vaccine, which vaccine is contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. § 100.3 (a).

  2. Mr. Walker received a flu vaccine on or about October 19, 2016.

  3. The vaccine was administered within the United States.

  4. Petitioner alleges that Mr. Walker suffered Guillain-Barre Syndrome ("GBS") as a consequence of the flu immunization he received on or about October 19, 2016, and further alleges that he suffered the residual effects of this injury for more than six months. Petitioner does not allege that Mr. Walker's death was a result of the flu vaccine or a vaccine-related injury.

Page 1 of 5

5. Petitioner represents that there has been no prior award or settlement of a civil action for damages on Mr. Walker's behalf as a result of his alleged injuries.

6. Respondent denies that the flu vaccine caused petitioner to suffer from GBS, CIDP, or any other injury, and further denies that the flu vaccine caused his death.

7. Maintaining their above-stated positions, the parties nevertheless now agree that the issues between them shall be settled and that a decision should be entered awarding the compensation described in paragraph 8 of this Stipulation.

8. As soon as practicable after an entry of judgment reflecting a decision consistent with the terms of this Stipulation, and after petitioner has filed an election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human Services will issue the following vaccine compensation payment:

> A lump sum of $135,965.25, in the form of a check payable to petitioner, as legal representative of the Estate of Wilber Walker, representing compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a).

9. As soon as practicable after the entry of judgment on entitlement in this case, and after petitioner has filed both a proper and timely election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), and an application, the parties will submit to further proceedings before the special master to award reasonable attorneys' fees and costs incurred in proceeding upon this petition.

10. Petitioner and her attorney represent that they have identified to respondent all known sources of payment for items or services for which the Program is not primarily liable under 42 U.S.C. § 300aa-15(g), including State compensation programs, insurance policies, Federal or State health benefits programs (other than Title XIX of the Social Security Act (42 U.S.C. § 1396 et seq.)), or entities that provide health services on a prepaid basis.

11.  Payment made pursuant to paragraph 8 of this Stipulation and any amounts awarded pursuant to paragraph 9 will be made in accordance with 42 U.S.C. § 300aa-15(i), subject to the availability of sufficient statutory funds.

12.  Petitioner represents that she presently is duly authorized to serve as Personal Representative of the Estate of Wilber Walker, under the laws of the State of Missouri.  No payments pursuant to this Stipulation shall be made until petitioner provides the Secretary with documentation establishing her appointment as Personal Representative of the Estate of Wilber Walker.  If petitioner is not authorized by a court of competent jurisdiction to serve as Personal Representative of the Estate of Wilber Walker at the time a payment pursuant to this Stipulation is to be made, any such payment shall be paid to the party or parties appointed by a court of competent jurisdiction to serve as legal representative of the Estate of Wilber Walker, upon submission of written documentation of such appointment to the Secretary.

13.  In return for the payments described in paragraphs 8 and 9, petitioner, in her individual capacity, and as personal representative of the Estate of Wilber Walker, on her own behalf, and on behalf of the Estate, and Mr. Walker's heirs, executors, administrators, successors, and assigns, does forever irrevocably and unconditionally release, acquit and discharge the United States and the Secretary of Health and Human Services from any and all actions or causes of action (including agreements, judgments, claims, damages, loss of services, expenses and all demands of whatever kind or nature) that have been brought, could have been brought, or could be timely brought in the United States Court of Federal Claims, under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 et seq., on account of, or in any way growing out of, any and all known or unknown, suspected or unsuspected personal injuries to or death of Mr. Walker resulting from, or alleged to have resulted from, the flu vaccination administered on or about October 19, 2016, as

alleged by petitioner in a petition for vaccine compensation filed on or about November 16, 2018 in the United States Court of Federal Claims as petition No. 18-1775V.

14.   If the special master fails to issue a decision in complete conformity with the terms of this Stipulation or if the United States Court of Federal Claims fails to enter judgment in conformity with a decision that is in complete conformity with the terms of this Stipulation, then the parties' settlement and this Stipulation shall be voidable at the sole discretion of either party.

15.   This Stipulation expresses a full and complete negotiated settlement of liability and damages claimed under the National Childhood Vaccine Injury Act of 1986, as amended, except as otherwise noted in paragraph 9 above.   There is absolutely no agreement on the part of the parties hereto to make any payment or do any act or thing other than is herein expressly stated and clearly agreed to.   The parties further agree and understand that the award described in this Stipulation may reflect a compromise of the parties' respective positions as to liability and/or amount of damages, and further, that a change in the nature of the items of compensation sought, is not grounds to modify or revise this agreement.

16.   This Stipulation shall not be construed as an admission by the United States or the Secretary of Health and Human Services that the flu vaccine caused Mr. Walker's alleged GBS, CIDP or death, or any other injury.

17.   All rights and obligations of petitioner in her capacity as personal representative of the Estate of Wilber Walker hereunder shall apply equally to petitioner's heirs, executors, administrators, successors, and/or assigns.

END OF STIPULATION

Respectfully submitted,

**PETITIONER:**

_Darlene Walker_

DARLENE WALKER

**ATTORNEY OF RECORD FOR PETITIONER:**

RONALD C. HOMER, ESQ.
Conway Homer, P.C.
16 Shawmut Street
Boston, MA 02116
Tel: (617) 695-1990

**AUTHORIZED REPRESENTATIVE OF THE ATTORNEY GENERAL:**

_Heather L. Pearlman_

HEATHER L. PEARLMAN
Deputy Director
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146

**AUTHORIZED REPRESENTATIVE OF THE SECRETARY OF HEALTH AND HUMAN SERVICES:**

Dale P. Mishler, DHSc, MS, APRN, for

CDR GEORGE REED GRIMES, MD, MPH
Director, Division of Injury
  Compensation Programs
Health Systems Bureau
Health Resources and Services
  Administration
U.S. Department of Health
  and Human Services
5600 Fishers Lane, 08N146B
Rockville, MD 20857

Dated: 03/31/2022

**ATTORNEY OF RECORD FOR RESPONDENT:**

_Mallori B Openchowski_
_by Heather L Pearlman_

MALLORI B. OPENCHOWSKI
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
 Washington, D.C. 20044-0146
Tel:   (202) 305-0660
mallori.b.openchowski@usdoj.gov

Page 5 of 5